MICHELSON v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.   March 24, 1904.)

1. CARRIERS—INJURY TO PASSENGER—NEGLIGENCE—QUESTION FOR JURY.
    In an action against a street railroad company for injury to a passenger who alighted from a crowded car for the purpose of allowing other passengers to pass out, and was injured by the car giving a sudden jerk as he was attempting to regain his place on the car, evidence examined, and held sufficient to require submission of the question of the defendant's negligence and plaintiff's contributory negligence to the jury.

Appeal from City Court of New York, Trial Term.

Action by Adolph Michelson against the Metropolitan Street Railway Company.   From a judgment for defendant, plaintiff appeals.   Reversed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

David Welch, for appellant.

Bayard H. Ames and F. Angelo Gaynor, for respondent.

BLANCHARD, J.   The undisputed facts show that the plaintiff was a passenger on one of the defendant's cars; that the car was crowded with passengers, and the conductor was inside collecting fares at the time of the accident.   The car stopped to let off passengers, and the plaintiff, for the purpose of giving passengers more space to alight, also stepped off the car.   After the passengers had alighted, and after certain other passengers had boarded the car, the plaintiff started to again board the car, and for that purpose put his right foot upon the step and grasped the handle at the side of the car above the step with his right hand, and was in the act of raising himself to the rear platform when the car started forward with a sudden jerk, whereby the plaintiff was dragged some distance, and then thrown to the pavement with such force that he received certain injuries.   The plaintiff also gave evidence as to the amount of his damage resulting from the injuries so sustained.   Upon the evidence outlined the defendant's counsel at the close of the defendant's case moved for a dismissal of the complaint upon the following grounds: That the evidence established the fact that the plaintiff was guilty of contributory negligence; that the evidence did not show that the defendant caused the accident; that the negligence of the defendant had not been shown to have been the sole cause of the accident, and that the plaintiff had failed to make out a cause of action.   The motion was granted, and the plaintiff's counsel excepted.

We are of the opinion that the granting of the motion to dismiss the complaint was error.   The evidence showed that the car was crowded, and that the conductor was inside the car collecting fares. It also tended to show that the conductor may not have been giving attention to the safety of passengers alighting from and boarding the car after it stopped and when it again started.   It does not appear but that the starting of the car, under the circumstances disclosed by the evidence, may have been a negligent act on the part of the employés of the defendant in charge of the car.   We also think, upon

the evidence, that the question of the plaintiff's negligence or freedom from negligence was one to be submitted to the jury.

The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.